(No. 77-CV-0081—)

*In re* APPLICATION OF LESSIE M. CURRY.

*Order filed November 26, 1979.*

LESSIE M. CURRY, *pro se*, for Claimant.

DAVID L. MARTINSON, for the Town of Rockford.

WILLIAM J. SCOTT, Attorney General (WENDY WEIDBERG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 27, 1976. Lessie M. Curry, wife of the deceased victim, Paul Edward Curry, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71, *et seq*.

Claimant stipulated that the facts of the matter were as follows (being essentially the same as found in this Court's order filed herein on December 19, 1978):

1. The Claimant's deceased husband, Paul Edward Curry, age 20, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: Murder. Ill. Rev. Stat. 1977, ch. 38, par. 9—1.

2. On July 27, 1976, the victim was approached by a known offender who accused the victim of stealing a television set from the offender's sister. The victim claimed to have no knowledge of the incident and the offender shot him. The victim was taken to Rockford Memorial Hospital where he expired the next day.

3. The Claimant seeks compensation under the Act for funeral expenses, medical/hospital expenses, and for loss of support.

4. The funeral and burial expenses were not paid by the Claimant; they were paid by Rockford Township.

5. The Claimant was billed $8,417.63 for various hospital and medical expenses which have not been paid to date. See Claimant's Group Exhibit 1.

6. The victim was not employed for the six months immediately preceding the date of the incident out of which this claim arose.

Because of the provisions of sections 3(a) and 4 of the Act, Claimant is not eligible for an award for the hospital or medical bills, nor for loss of support. The Town of Rockford, not being "any person related to the victim", cannot recover for the funeral expenses. Claimant, again by virtue of the provisions of section 3(a) of the Act, is also barred from claiming an award for the funeral expenses.

Accordingly, the claim herein is denied and the Order of December 19, 1978 is affirmed.